CORRECTED
July 22, 2020



# In the
# Missouri Court of Appeals
# Western District

<table>
<tr><td>IN RE THE MATTER OF:<br>ANNALIESE BRIGHTWELL TRUST</td><td>)<br>)<br>)</td><td></td></tr>
<tr><td>RAYMOND L. BRIGHTWELL,</td><td>)<br>)</td><td>WD83296</td></tr>
<tr><td>Appellant,</td><td>)<br>)<br>)</td><td>OPINION FILED: July 21, 2020</td></tr>
<tr><td>v.</td><td>)<br>)</td><td></td></tr>
<tr><td>BEATE BOESL,</td><td>)<br>)</td><td></td></tr>
<tr><td>Respondent.</td><td>)</td><td></td></tr>
</table>

**Appeal from the Circuit Court of Platte County, Missouri**
The Honorable James Van Amburg, Judge

Before Division Four:  Cynthia L. Martin, Chief Judge, Presiding, Alok Ahuja, Judge and
W. Douglas Thomson, Judge

Raymond Brightwell ("Raymond")[1] appeals the trial court's entry of summary

judgment ("Judgment") in favor of Beate Boesl[2] ("Beate") dismissing Raymond's

---

[1]Because multiple parties share the same surname, we refer to each party by their first name.  No familiarity
or disrespect is intended.
[2]The record reflects that Beate's surname is spelled alternatively as "Bosl" and "Boesl."  This discrepancy is
attributed to Beate's surname including an umlauted character that does not appear in the English alphabet.
Consistent with the Judgment, we defer to the trial court's use of "Boesl."

registration of the Annaliese A. Brightwell Trust Agreement (the "Original Trust"). Raymond contends that the trial court erred in granting summary judgment because (1) the trial court relied on testimony received during an evidentiary hearing when motions for summary judgment are to be determined based on uncontroverted facts supported by affidavits and other matters of record; (2) the trial court improperly determined the validity of competing trust instruments to dismiss his trust registration as part of the trust registration process; (3) the trial court determined the validity of trust instruments without having all interested parties before it; and (4) genuine issues of material fact were in dispute precluding the entry of summary judgment on the issue of the validity of various trust instruments. Because the trial court erroneously determined the validity of trust instruments to dismiss Raymond's trust registration in the absence of a duly initiated judicial proceeding that afforded notice to all interested persons, we reverse.

## Factual and Procedural Background

On May 16, 2000, Annaliese A. Brightwell ("Annaliese") executed the Original Trust naming Annaliese and her husband, William Brightwell ("William"), as co-trustees. The Original Trust named Annaliese and William's son, Raymond, as successor trustee.

William died in 2009. In October 2009, Annaliese executed a First Amendment and Complete Restatement of the Annaliese A. Brightwell Trust Agreement ("First Amended and Restated Trust"). The First Amended and Restated Trust named Annaliese as the sole trustee and Beate[3] as the successor trustee. In October 2011, Annaliese executed a Second

---

[3]The record reflects that Beate is the wife of Robert Boesl ("Robert"). Robert is Annaliese's biological child and was born in Germany shortly after World War II.

2

Amendment and Complete Restatement of the Annaliese A. Brightwell Trust Agreement ("Second Amended and Restated Trust") which also named Annaliese as the sole trustee and Beate as the successor trustee.

In February 2019, Annaliese died. On March 1, 2019, Raymond filed a Registration of Trust statement in the Circuit Court of Platte County, Missouri pursuant to sections 456.027 through 456.033.[4] The Registration of Trust statement attached the Original Trust.

On April 29, 2019, Beate filed a Motion to Dismiss Raymond's Registration of Trust statement. Beate argued that Raymond had no standing to register a trust instrument because the First and Second Amended and Restated Trusts revoked the Original Trust and Raymond was no longer the successor trustee. The Motion to Dismiss attached the First and Second Amended and Restated Trusts.

Raymond opposed the Motion to Dismiss and challenged the validity of the First and Second Amended and Restated Trusts because originals of those instruments could not be located. Following a case management conference, Beate abandoned her Motion to Dismiss and filed a Motion for Summary Judgment. The Motion for Summary Judgment argued that Raymond's Registration of Trust statement should be dismissed because the Original Trust was no longer valid, and instead, the Second Amended and Restated Trust was the controlling trust instrument. Raymond filed suggestions in opposition and a statement of uncontroverted facts, arguing that the First and Second Amended and Restated Trusts were not valid because they had been secured through undue influence and had been

---

[4]All statutory references are to RSMo 2016, as supplemented through the date of Raymond's Registration of Trust statement filed on March 1, 2019, except as otherwise noted.

3

revoked by destruction. Raymond later filed supplemental suggestions in opposition which argued that the trust registration process does not provide a forum for determining contested issues about a trust's validity, and that a proper judicial proceeding contesting trust validity requires notice to all interested parties, including beneficiaries.

Beate set her Motion for Summary Judgment for hearing on October 16, 2019. At the hearing, Beate sought to present evidence through two witnesses. Raymond objected, arguing that the noticed hearing was on the Motion for Summary Judgment and that "[r]eceiving evidence is . . . the antithesis of a Motion for Summary Judgment." Beate argued that she was "entitled to present evidence . . . to show that the facts are, in fact, uncontroverted." The trial court permitted Beate's witnesses to testify, and both witnesses were cross-examined. During the hearing, counsel for Beate advised the trial court that the sole issue to be determined was whether Raymond's Registration of Trust statement should be dismissed because he was no longer the successor trustee. Raymond argued that registration of the Original Trust was an uncontested, administrative procedure, and that it was not proper to determine the validity of trust instruments as part of the trust registration process.

The trial court entered judgment on October 25, 2019 ("Judgment"). The Judgment noted that the matter being determined was Beate's "Motion for Summary Judgment on the filing of [Raymond's] Registration of Trust." The Judgment concluded that having "considered the pleadings, motions, evidence, and suggestions submitted and having heard the arguments of counsel," there "are no genuine issues of material fact in dispute." The Judgment found that "the [Original Trust], executed on May 16, 2000 is no longer in effect,

4

having been amended and completely restated twice;" that "the trust instrument [Raymond] seeks to register with the Court is no longer in full force or effect, and is void as it is contrary to the intent of [Annaliese] as clearly and unambiguously set forth in the duly executed [Second Amended and Restated Trust];" that the Second Amended and Restated Trust "is in full force and effect;" and that as a result, the Court "refuses to register the prior amended, and void, trust instrument and enters judgment as a matter of law in favor of [Beate]." The Judgment dismissed Raymond's Registration of Trust statement with prejudice.

Raymond filed this timely appeal.

## Standard of Review

We review the grant of summary judgment *de novo*. *Truman Medical Center, Inc. v. Progressive Casualty Insurance Company*, 597 S.W.3d 362, 365 (Mo. App. W.D. 2020). "Summary judgment shall be entered if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Messina v. Shelter Insurance Company*, 585 S.W.3d 839, 842 (Mo. App. W.D. 2019) (quotation omitted). We review "the record in the light most favorable to the party against whom judgment was entered, and give[] the non-movant the benefit of all reasonable inferences from the record." *Truman Medical Center, Inc.*, 597 S.W.3d at 365-66.

## Analysis

Raymond raises four points on appeal. Raymond's first point asserts that the trial court erred in granting summary judgment in reliance in part on testimony received during a contested evidentiary hearing when motions for summary judgment are to be determined

5

based on uncontroverted facts supported by affidavits and other matters of record. Raymond's second point argues that the trial court committed legal error when it determined the validity of the Original Trust and of the First and Second Amended and Restated Trusts to dismiss his Registration of Trust statement, as that exceeded the authorized scope of the trust registration process. Raymond's third point asserts that the trial court erroneously adjudicated the validity of trust instruments without first providing notice to all interested parties, including additional successor trustees and beneficiaries. Raymond's fourth point asserts that genuine issues of material fact were in dispute precluding the entry of summary judgment on the issues of the validity of the Original Trust and of the First and Second Amended and Restated Trusts.

Raymond's second and third points on appeal are dispositive, and require reversal of the Judgment.

**Points Two and Three**

Raymond's second point argues that the trial court erred when it determined the validity of the Original Trust and of the First and Second Amended and Restated Trusts to dismiss his Registration of Trust statement as that exceeded the authorized scope of the trust registration process. Raymond contends that trust registration pursuant to sections 456.027 through 456.033 is an uncontested, administrative process, and that the adjudication of contested issues relating to trust validity as a part of the process is legally erroneous. Raymond's third point on appeal alleges that the trial court erroneously adjudicated the validity of trust instruments without providing notice to all interested

6

parties, including additional successor trustees and beneficiaries. We discuss these points collectively.

Sections 456.027 through 456.033 address the registration of trusts. "The primary rule of statutory construction is to ascertain the intent of the legislature from the language used, to give effect to that intent if possible, and to consider the words used in their plain and ordinary meaning." *Dickemann v. Costco Wholesale Corporation*, 550 S.W.3d 65, 68 (Mo. banc 2018) (quotation omitted).

Section 456.027.1 provides that "[t]he trustee of a trust having its principal place of administration in this state may register the trust in the probate division of the circuit court of the county wherein the principal place of administration is located." The "principal place of administration of a trust" is described in section 456.027.3 as "the trustee's usual place of business where the records pertaining to the trust are kept, or at the trustee's residence if he has no such place of business," unless the trust instrument designates otherwise. It has not been contested that with respect to the Original Trust, the principal place of administration is Platte County, Missouri.

Raymond registered the Original Trust by filing a Registration of Trust statement on March 1, 2019. Section 456.029 provides that trust "registration ***shall be accomplished*** by filing a statement, indicating the name and address of the trustee and acknowledging the trusteeship." (Emphasis added.) Further, the "statement shall indicate whether the trust has been registered elsewhere and shall identify the trust . . . [i]n the case of a written inter vivos trust, by the name of each settlor and the original trustee and the date of the trust instrument." Section 456.029(2). It has not been contested that Raymond's Registration

7

of Trust statement facially complied with the requirements of section 456.029. As a result, according to the plain language of section 456.029, Raymond's Registration of Trust statement had the automatic effect of registering the Original Trust at the moment the statement was filed. Consistent with this fact, section 456.031 instructs that "[t]he clerk of the probate division of the circuit court *shall* keep a record for each trust so registered . . . .", describing a nondiscretionary obligation to accept, and maintain a record of, every trust registration statement submitted for filing. (Emphasis added.)

The plain language of sections 456.027 through 456.033 thus describes an uncontested, administrative process, which affords no discretion to a court clerk but to accept a trust registration statement submitted for filing, and which provides that trust registration *shall* be accomplished upon the filing of a trust registration statement. Section 456.029; section 456.031. This construction is supported by the Comment to Article VII of the Uniform Probate Code ("UPC"), upon which Missouri modeled its trust registration statutes.[5] *See* 4C Hanna, Francis M., Missouri Practice, *Trust Code & Law Manual* sections 456.027, 456.029, and 456.033 (2019 ed.) (comments noting that Missouri's trust

---

[5]Article VII of the UPC addressed trust registration, the jurisdiction of the courts concerning trusts, and the duties and liabilities of trustees. However, Article VII of the UPC was superseded by the Uniform Trust Code ("UTC") approved in 2000, and was later withdrawn altogether from the UPC following widespread enactment of the UTC. Uniform Probate Code, (U.L.A.) 2020 Supplementary Pamphlet, p. 519. Missouri adopted the UTC in 2004, effective January 1, 2005. *See* section 456.1-101 ("Sections 456.1-101 to 456.11-1106 shall be known and may be cited as the 'Missouri Uniform Trust Code.'").

The UTC does *not* include any provisions addressing trust registration. Despite this fact, and despite withdrawal of Article VII from the UPC, Missouri has not repealed its trust registration statutes. Instead, those statutes, which were first enacted in 1983 and located at sections 456.400 through 456.430, were relocated by the General Assembly to sections 456.027 through 456.033 in 2004 in H.B. 1511. This is the same House Bill that adopted the UTC. It is apparent, therefore, that the General Assembly purposefully retained Missouri's trust registration statutes notwithstanding adoption of the UTC, and notwithstanding withdrawal of Article VII from the UPC. As a result, the Comment to Article VII of the UPC's trust registration procedures remains a persuasive aid in determining legislative intent with respect to sections 456.027 through 456.033.

registration statutes are based on Uniform Probate Code Sections 7-101, 7-102 and 7-103).

"Official Comments to uniform laws adopted by the legislature, though not controlling, are a persuasive aid in determining legislative intent." *Mamoulian v. St. Louis University*, 732 S.W.2d 512, 516 n. 10 (Mo. banc 1987) (discussing comments to the UPC) (citation omitted). The Comment to Article VII of the UPC's trust registration provisions provides, in pertinent part, as follows:

> Registration of trusts is a new concept and differs importantly from common arrangements for retained supervisory jurisdiction of courts of probate over testamentary trusts. It applies alike to inter vivos and testamentary trusts . . . . [T]he registration acknowledges that a particular court will be accessible to the parties on a permissive basis without subjecting the trust to compulsory, continuing supervision by the court.

> The process of registration requires ***no judicial action or determination*** but is accomplished routinely by simple acts on the part of the trustee which will place certain information on file with the court [].

> . . . it is contemplated that a court will maintain a single file for each registered trust as a record available to interested persons.

Uniform Probate Code, (U.L.A.), Article VII, General Comment (emphasis added); *see also*, 4C Hanna, Francis M., Missouri Practice, *Trust Code & Law Manual* sections 456.027-456.033 (2019 ed.) (author comments discussing the same). It is reasonable to conclude that the General Assembly intended sections 456.027 through 456.033, which were modeled after Article VII of the UPC, to describe a routine, nondiscretionary trust registration process which registers a trust automatically, without judicial action or determination, upon the filing of the a trust registration statement.

9

Beate filed a Motion to Dismiss Raymond's Registration of Trust statement. Motions to dismiss are authorized by Rule 55.27.[6] Rule 55.27(a) provides, in pertinent part, that "[e]very defense, in law or fact, to a claim in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion:  [listing defenses including legal capacity to sue]."  Here, though Beate's Motion to Dismiss characterized Raymond's Registration of Trust statement as a "petition," the statement was not a petition.  The statement asserted no claims, counterclaims, cross-claims, or third-party claims.  The Registration of Trust statement was not a "pleading" setting forth claims susceptible to challenge by a Rule 55.27 motion to dismiss.

We reach the same conclusion with respect to Beate's Motion for Summary Judgment, which was filed to replace Beate's Motion to Dismiss.  Motions for summary judgment are authorized by Rule 74.04, which provides, in pertinent part, that "[a]t any time, a party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may move with or without supporting affidavits for a summary judgment as to all or any part of the pending issues."  Rule 74.04(b).  Beate was not a "party" to Raymond's Registration of Trust statement, and there were no claims, counterclaims, cross-claims, or requests for declaratory judgment asserted against Beate (or anyone else for that matter) in Raymond's Registration of Trust statement.  Instead,

_____

[6]All references to Rules are to *Missouri Court Rules, Volume I -- State, 2019*, unless otherwise noted.

10

Raymond's Registration of Trust statement did nothing more than to administratively register the Original Trust, leaving no "pending issues" to be determined. Raymond's Registration of Trust statement was not susceptible to challenge by a Rule 74.04 motion for summary judgment.

Beate disagrees, and argues that the ability to seek dismissal of a trust registration statement when the registering person is no longer a trustee should be implied in sections 456.027 through 456.033. Though we agree that a trial court has the authority to determine whether a trust registration statement should be released, we do not agree that this determination can be lawfully made as a part of the trust registration process. As we explain *infra*, sections 456.027 through 456.033 do not contemplate the resolution of issues involving trust validity or the release of trust registration statements in connection with the trust registration process. Instead, trust validity and the release of trust registration statements are trust administration issues which must be raised in a duly initiated judicial proceeding where all interested parties are provided notice.

The routine, nondiscretionary nature of the trust registration process is consistent with its purpose as described in section 456.033. Section 456.033 is modeled after section 7-103 of the UPC, and provides, in pertinent part, that:

> 1.    By registering a trust, . . . the trustee submits personally to the jurisdiction of the court ***in any proceeding involving the internal affairs of the trust that may be initiated by any interested person*** while the trust remains registered. . . . (Emphasis added.)
>
> 2.    To the extent of their interests in the trust, all beneficiaries of a trust registered in this state are subject to the jurisdiction of the court of registration ***for the purposes of proceedings involving internal affairs of the***

11

*trust*, provided notice is given pursuant to section 472.100.  (Emphasis added.)

3.      "**Interested persons**" include beneficiaries and any others having a property right in or claim against a trust estate which may be affected by a judicial proceeding. . . .[7] (Emphasis in original.)

4.      "**Internal affairs**" proceedings, without limitation, are those which involve interpretation or construction of the terms of the trust by declarations, instructions or judgments as to the existence, nonexistence and extent of rights, powers, privileges, immunities, duties, liabilities and remedies of trustees and beneficiaries in the administration and distribution of trusts . . . . (Emphasis in original.)

As previously noted, the Comment to Article VII of the UPC's trust registration provisions provides, in pertinent part, that ". . . it is contemplated that a court will maintain a single file for each registered trust as a record available to interested persons."  Uniform Probate Code, (U.L.A.), Article VII, General Comment (emphasis added).  A trust registration statement thus accomplishes nothing more than establishing: (i) a location where interested persons can locate a registered trust, and (ii) personal jurisdiction over the registering trustee and other interested persons in later filed judicial proceedings involving the internal affairs of the registered trust.  Though section 456.033 anticipates that judicial proceedings contesting the internal affairs of a registered trust might be filed, section 456.033 does ***not*** provide for the resolution of such issues as a part of the trust registration process.

The Comment to Article VII of the UPC reinforces this point:

Although proceedings involving a registered trust will not be continuous ***but will be separate each time an interested party initiates a proceeding***, it is contemplated that a court will maintain a single file for each registered trust as a record available to interested parties.  ***Proceedings are facilitated by the***

---

[7]Following Missouri's adoption of the UTC in 2004, effective January 1, 2005 (*see* footnote 5, *supra*), section 456.1-103(10) also defines "interested persons" identically to section 456.033.3.

12

*broad jurisdiction of the court (Section 7-201) and the Code's representation and notice provisions (Section 1-403)*.

Uniform Probate Code, (U.L.A.), Article VII, General Comment (emphasis added).

The concepts once captured in section 7-201 of the UPC addressing the broad jurisdiction of courts over trusts are now captured in provisions of the Uniform Trust Code ("UTC") that were adopted in Missouri effective January 1, 2005.[8] Section 456.2-201.1 (modeled after Article 2, section 201(a) of the UTC), provides that "[t]he court may intervene in the administration of a trust to the extent its jurisdiction is invoked by an interested person or as provided by law." Section 456.2-201.3 (modeled after Article 2, section 201(c) of the UTC), provides that "[a] judicial proceeding involving a trust may relate to any matter involving the trust's administration, including a request for instructions and an action to declare rights." Section 456.2-202.3 provides that "[a] judicial proceeding involving a trust may relate to any matter involving the trust's administration, including, but not limited to a proceeding to: . . . (4) *determine the validity of a trust or of any of its terms* . . . ; [or] (18) *release of trust registration* or change of the trust's principal place of administration . . . ." (Emphasis added.) Importantly, section 456.2-202.3 is *not* drawn from the UTC, and is instead a list specifically adapted to the Missouri UTC to identify judicial proceedings that involve the "administration of a trust" as a supplement to section 456.033.4's description of matters involving the "internal affairs" of a trust. *See* 4C Hanna, Francis M., Missouri Practice, *Trust Code & Law Manual* sections 456.2-202 (2019 ed.).

---

[8]*See* footnote 5, *supra*. Though the UTC was not adopted in Missouri until 2004, effective January 1, 2005, the provisions of Missouri's UTC (sections 456.1-101 through 456.11-1106) apply to the Original Trust, and to all judicial proceedings involving the Original Trust, even though the Original Trust was executed in 2000. *See* section 456.11-1106.1(1), (2), and (3).

In short, Beate has every right to challenge the validity of the Original Trust; to seek a declaration that either the First Amended and Restated Trust or the Second Amended and Restated Trust is valid and controlling; and to request release of Raymond's Registration of Trust statement if it is determined that the Original Trust is no longer valid. But these issues involve trust administration, and are to be raised in a duly initiated judicial proceeding, according to section 456.2-202.3. Beate's Motion to Dismiss and Motion for Summary Judgment were not duly initiated judicial proceedings. Section 472.300 confirms as much, as it provides, in pertinent part, that:

> In judicial proceedings involving trusts . . . the following apply:
>
> (1) Interests to be affected shall be described in pleadings which give reasonable information to owners by name or class, by reference to the instrument creating the interest, or in other appropriate manner;
>
> . . .
>
> (3) Notice is required as follows:
>
> (a) Notice as prescribed by section 472.100[9] shall be given to every interested person, or to one who can bind an interested person . . . .

Beate characterizes the motions she filed as exempt from the requirements of section 472.2-202(3) and 472.300 because they were narrowly limited to determining Raymond's standing to file the Registration of Trust statement. But, as we have explained, Beate's motions were not cognizable in response to a registration of trust statement, which is not a pleading asserting claims. Moreover, to secure the relief sought by Beate's motions (dismissal of Raymond's Registration of Trust statement), the validity of the Original Trust,

_____

[9]Section 472.100 describes how notice must be served on interested persons.

14

and of the First and Second Amended and Restated Trusts, had to be determined. Section 456.2-202.3 describes trust validity and trust registration release as trust administration matters that must be raised in a judicial proceeding, initiated as described in section 472.300, with due notice provided to all interested persons.

It was therefore legally erroneous for the trial court to entertain and determine Beate's Motion for Summary Judgment filed in response to Raymond's Registration of Trust statement.[10] Beate argues that Raymond invited the trial court's legal error by injecting the issue of trust validity in response to Beate's Motion to Dismiss and Motion for Summary Judgment. However, the issue of trust validity was first raised in Beate's motions as the necessary predicate to Beate's request that Raymond's Registration of Trust statement be dismissed. Raymond's responsive pleadings addressed the issue of trust validity, but necessarily so. At the same time, Raymond urged the trial court to conclude that it was improper to determine trust validity as a part of the trust registration process. Raymond did not invite the trial court's error in this case.

---

[10]The trial court arguably could have converted Beate's Motion for Summary Judgment into a judicial proceeding pursuant to section 472.300. Section 472.140.2 of the UPC defines the phrase "adversary probate proceeding" in pertinent part as "any proceeding brought pursuant to any provision of chapters 472, 473, 474, and 475 which requires, as a condition precedent to an entry of an order or judgment on the merits, notice of hearing to persons interested in the proceeding . . . .[; or] *any other probate proceeding determined by the judge of the probate division to be an adversary proceeding*." (Emphasis added.) Had the trial court exercised this authority, the Motion for Summary Judgment would had to have been converted into a petition seeking affirmative relief pursuant to sections 472.2-202.3 and 473.300; the proceeding would have required the provision of notice to all interested parties pursuant to section 472.300; and the proceeding would had to have been conducted in accordance with the rules of civil procedure. *See* section 472.141.1 ("An adversary probate proceeding shall be governed by the civil code of Missouri and the rules of civil procedure" unless exceptions noted in the statute apply). *See, e.g., Netherton v. Netherton*, 593 S.W.3d 654, 660 (Mo. App. W.D. 2019) (where interested persons filed a petition requesting to register a trust, seeking a declaration that they were the successor trustees and sole beneficiaries of the trust, and seeking a declaration that amendments to the trust were void, which petition proceeded as a duly initiated judicial proceeding).

Points Two and Three are granted, requiring reversal of the Judgment. As a result, we need not address Points One and Four on appeal.[11]

## Conclusion

The trial court's Judgment is reversed.[12]

_____
Cynthia L. Martin, Judge


All concur

---

[11]Though we need not address points one and four on appeal, both of which challenge the grant of summary judgment in the face of contested evidence, it is worth noting that the record lends support to Raymond's concern that contested issues regarding trust validity, undue influence, and revocation were improvidently resolved by summary judgment, particularly in light of the fact that the Judgment confirms the trial court's reliance on "evidence," which included contested witness testimony as to which credibility determinations were required. *See Petruska v. City of Kinloch*, 559 S.W.3d 386, 390 (Mo. App. E.D. 2018) (holding that a "trial court is not permitted to make credibility determinations when considering a motion for summary judgment," and that where "evidence reasonably supports any inference other than or in addition to the inference propounded by the movant, a genuine dispute exists and summary judgment is improper").

[12]Reversal of the Judgment is necessitated by legal error of a procedural nature. This Opinion has not determined any of the substantive issues raised by Beate's motions, or by Raymond's responses thereto. As such, this Opinion does not foreclose the initiation of a judicial proceeding pursuant to sections 472.2-202(3) and 472.300 by any interested party, including Beate, to determine the validity of the Original Trust, to determine the validity of the First and/or Second Amended and Restated Trusts, or to request release of Raymond's Registration of Trust statement.